**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2485
_____

UNITED STATES OF AMERICA

v.

VICTOR J. HENDERSON,
Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 3:18-cr-00031-001)
District Judge:  Honorable Kim R. Gibson
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 11, 2020
_____

Before:  CHAGARES, HARDIMAN, and MATEY, <u>Circuit Judges</u>

(Opinion filed:  September 15, 2020)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

CHAGARES, Circuit Judge.

Victor J. Henderson pleaded guilty to one count of possession with intent to distribute narcotics. The District Court sentenced him to 115 months of imprisonment and three years of supervised release — below the applicable United States Sentencing Guidelines range of 151 to 188 months, but above the sentence he requested. Henderson now appeals his sentence, arguing that it violates the Eighth Amendment's prohibition on cruel and unusual punishments. For the following reasons, we will affirm.

I.

We write for the parties and so recount only the facts necessary to our decision. Police apprehended Henderson in the course of executing arrest warrants for two other individuals. The officers arrested the two targeted individuals while they were inside a vehicle in a parking lot in Johnstown, Pennsylvania. Henderson was sitting in the backseat, and the officers found 19.53 grams of cocaine base on his person.

Henderson was charged with one count of possession with intent to distribute, and he entered an open plea of guilty. Because he has three prior state convictions for possession with intent to deliver cocaine and heroin, he qualified as a career offender. Accounting for his career offender status, his acceptance of responsibility, and his commission of the present offense while under a state sentence, his Guidelines range was 151 to 188 months of imprisonment.

Henderson sought a downward variance based on his troubled personal history and his mental health struggles and because, he claims, he only possessed the cocaine base for "several minutes." Henderson Br. 6–8. He asked the District Court to apply the non-

2

career offender Guidelines range of 70 to 87 months, plus 10 months to account for his criminal history. Henderson emphasized the following difficult personal circumstances: an absent father; a mother who was addicted to crack cocaine; cycling in and out of the foster care system as a child and suffering domestic violence; loss of his parental rights; a diagnosis of bi-polar disorder; multiple placements in psychiatric hospitals; and being shot and stabbed on numerous occasions. The District Court imposed a sentence of 115 months of imprisonment plus three years of supervised release and mental health treatment. Henderson timely appealed.

II.[1]

Henderson argues that the District Court's sentence was cruel and unusual because he suffers from mental health problems and should be "in a non-criminal mental health facility" instead of in prison. Henderson Br. 5–7. He also claims that the District Court failed to consider "his aberrant behavior." Id. at 8. The Government responds that Henderson's sentence is not cruel and unusual because it is below the relevant Guidelines range and is comparable to sentences imposed in similar cases.

Because Henderson did not properly object at sentencing, we review only for plain error. See United States v. Schonewolf, 905 F.3d 683, 686–87 (3d Cir. 2018). But Henderson's appeal would fail even under the more exacting de novo standard of review. The Eighth Amendment bar on cruel and unusual punishments "contains a narrow proportionality principle." Ewing v. California, 538 U.S. 11, 20 (2003) (quotation marks

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

omitted).  In reviewing a sentence for proportionality, we consider:  (1) the gravity of the offense and the harshness of the penalty; (2) sentences on others in the same jurisdiction; and (3) sentences for the same crime in other jurisdictions.  United States v. Burnett, 773 F.3d 122, 136–37 (3d Cir. 2014).  We have held that "a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment."  United States v. Miknevich, 638 F.3d 178, 186 (3d Cir. 2011).

Henderson's sentence was below the applicable Guidelines range; he offers no examples of cases in which courts sentenced defendants to shorter terms of imprisonment for similar conduct; and the District Court expressly accounted for his personal circumstances and mental health difficulties in imposing the sentence.  As a result, Henderson's Eighth Amendment challenge fails.[2]

III.

For these reasons, we will affirm the District Court's judgment of sentence.

---

[2] We agree with the Government that even a properly framed substantive reasonableness challenge under 18 U.S.C. § 3553(a) would fail because the District Court accounted for Henderson's troubled personal history and mental health difficulties in imposing the sentence. Henderson's aberrant behavior argument — which would be part and parcel of a § 3553(a) substantive reasonableness challenge — would also fail because his case is neither "extraordinary" (involving exceptional mitigating circumstances) nor "aberrant" (involving unusual or one-off behavior from the defendant).  See United States v. Dickerson, 381 F.3d 251, 264–66 (3d Cir. 2004).